NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALGENE LOUIS BROWN, *Petitioner*.

No. 1 CA-CR 13-0029 PRPC

FILED 03/25/2014

Petition for Review from the Superior Court in Maricopa County
No. CR2004-036553-001
The Honorable Pamela D. Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By  Nicholas Saccone
*Counsel for Respondent*

Algene Louis Brown, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

**W I N T H R O P,** Judge:

¶1 Petitioner, Algene Louis Brown ("Brown"), seeks review of the trial court's order dismissing his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2 A jury convicted Brown of manufacture of dangerous drugs, sale of dangerous drugs, conspiracy to manufacture dangerous drugs, and two counts of child abuse. The trial court sentenced him to an aggregate term of 23.25 years' imprisonment, and this court affirmed his convictions and sentences on direct appeal. *See State v. Brown*, 1 CA-CR 05-0386 (Ariz. App. Apr. 18, 2006). Brown now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Brown asserts his trial counsel were ineffective when they failed to inform him of and/or adequately explain a favorable plea offer the State made before trial. Brown argues that had he known of the offer and/or understood its details, he would have accepted the offer rather than go to trial. Brown claims he is entitled to raise this claim in a successive petition for post-conviction relief based on the recent Supreme Court decisions of *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), both of which Brown argues constitute significant changes in the law. In both cases, the Supreme Court held a defendant has a right to effective assistance of counsel during the plea bargain process. *See Frye*, ___ U.S. at ___, 132 S. Ct. at 1407-08; *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. In *Frye*, the court further held the right to effective assistance includes the right to have counsel communicate all formal, favorable plea offers to the defendant. ___ U.S. at ___, 132 S. Ct. at 1408.

¶4 We deny relief. Brown raised this same claim of ineffective assistance in his first petition for post-conviction relief. Any claim a defendant raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Further, *Frye* and *Lafler* are not significant changes in the law as applied in Arizona. Arizona has long recognized that the right to effective assistance of counsel extends to the plea bargain process and that counsel must adequately communicate all

plea offers to the defendant. *See State v. Donald*, 198 Ariz. 406, 413, ¶¶ 14-17, 10 P.3d 1193, 1200 (App. 2000).[1]

¶5        Although the petition for review arguably presents additional issues, Brown did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶6        For the above reasons, we grant review and deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : gsh

---

[1]      Although these are not the grounds upon which the trial court dismissed the petition, we may affirm the decision of the trial court on any basis supported by the record. *See State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).