821 P.2d 236

**STATE of Arizona, Respondent,**

v.

**Carl BORTZ, Jr., Petitioner.**

**Nos. 1 CA–CR 89–1305–PR,
1 CA–CR 89–1555–PR.**

Court of Appeals of Arizona,
Division 1, Department A.

June 27, 1991.

Review Denied Dec. 17, 1991.

William J. Ekstrom, Jr., Mohave County Atty., by Robert R. Moon, Deputy County Atty., Kingman, for respondent.

Michael E. St. George, Tempe, for petitioner.

## OPINION

JACOBSON, Judge.

The significant issue in this case is whether Rule 32.9(a), Arizona Rules of Criminal Procedure, requires a second motion for rehearing when the trial court grants a prior motion for rehearing on a petition for post-conviction relief, grants an evidentiary hearing as a result of the first motion for rehearing, but then dismisses the petition on grounds other than those raised in the original motion for rehearing.

1990.

## FACTS AND PROCEDURAL BACKGROUND

In April 1984 petitioner was charged by indictment with four dangerous felonies: aggravated assault, kidnapping, sexual assault, and burglary. In exchange for the state's promise to dismiss the allegations of dangerousness and three of the felonies, petitioner agreed to plead guilty to sexual assault, in violation of former A.R.S. § 13–1406. The trial court accepted petitioner's plea,[1] and sentenced petitioner to an aggravated term of fourteen years imprisonment.

Petitioner's counsel filed an *Anders*[2] appeal and, although he was allowed to do so, petitioner did not file a supplemental brief. Petitioner's conviction and sentence were affirmed in *State v. Bortz*, 1 CA–CR 8314 (Mem.Dec.) (Ariz.App. Apr. 30, 1985). In March 1986 petitioner filed a petition for post-conviction relief. Petitioner alleged that his attorney had been ineffective at the sentencing stage because he had not requested a mitigation hearing. He also alleged that he did not have a prior record, and that several witnesses were willing to testify to his good character. The state argued that petitioner failed to state a colorable claim and that relief was not warranted.

After consideration of the matter, the trial court summarily dismissed the petition:

> IT IS ORDERED that the Petition be dismissed.

The Court notes that there were no affidavits of fact set forth in support of the Petition for Post–Conviction Relief. The Court assumes that Counsel for the Petitioner in making the statements that the Defendant's character and conduct were exemplary was relying on the information set forth in the Pre–Sentence Investigation Report filed September 12, 1984. The Court had already considered that information in imposing the sentence in this matter.

Petitioner did not file a motion for rehearing or a petition for review.

From the procedural history that follows, it is apparent that petitioner attempted to avoid the consequences of his failure to include other claims in the petition for post-conviction relief and his failure to pursue further relief after the trial court's dismissal of the petition. Nevertheless, in June 1989, more than three years after the dismissal, petitioner filed another petition for post-conviction relief. Accompanying this petition was a "motion for leave to file delayed motion for rehearing," and a motion for rehearing from the trial court's order dismissing his first petition. The motion contained no explanation as to why a motion for rehearing had not been filed except to state that "the original PCR filed in 1986 was done haphazardly and without even minimal competence [of] counsel." The motion for rehearing simply incorporated the grounds set forth in the accompanying "amended" petition for post-conviction relief. The "amended" petition for post-conviction relief alleged that petitioner's former counsel was ineffective. Present counsel alleged that trial counsel misled petitioner as to parole eligibility and that, if counsel had correctly advised petitioner of the special conditions applicable to any sentence imposed pursuant to A.R.S. § 13–1406,[3] petitioner would not have entered the plea. He also claimed that petitioner had taken medication that may have "affected defendant's cognitive powers and abilities." Petitioner attached affidavits and exhibits to support his claim.

The state's response to the motion for delayed motion for rehearing was that petitioner failed to set forth any valid excuse for the failure to timely file a motion for

---

1. At the change of plea hearing, defense counsel informed the judge that his client was pleading pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, defendant did not deny commission of the crime. Rather, he claimed he could not recall the events. Thus, the plea was more in the nature of a no contest plea.

2. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. A.R.S. § 13–1406, as it existed when petitioner entered his plea, required that the defendant serve the entire sentence imposed. In other words, any sentence imposed was "flat time."

rehearing. As to the motion for rehearing itself, which simply incorporated the "amended" petition for post-conviction relief by reference, the state argued waiver and preclusion. On the merits, the state conceded that trial counsel had given petitioner erroneous advice about the special conditions regarding the sentence. However, the state pointed out that the trial court had correctly advised petitioner of these special conditions at the change of plea hearing. Furthermore, the state contended, the Department of Corrections had given petitioner written notice on November 26, 1984, that his sentence was a "flat time" sentence. Notwithstanding this notice, petitioner did not raise this issue either on direct appeal or in his first petition. Finally, the state argued, even if petitioner had been given incorrect advice, that advice did not affect his decision to enter the plea, urging that its case was very strong and that petitioner was facing "hard time" of at least fifty years imprisonment if convicted on all counts by a jury.

After consideration of these arguments, the trial court denied the motion for delayed motion for rehearing. Petitioner then filed a petition for review to this court, which became our Cause No. 1 CA–CR 89–1305–PR. The trial court also dismissed the second or "amended" petition for post-conviction relief on the basis of preclusion. Counsel timely filed a motion for rehearing of this order and argued that preclusion did not apply because the failure to raise the issue in the first petition was due to former counsel's ineffectiveness, urging that the court should address the merits of the petition. The trial court granted this motion for rehearing and ordered an evidentiary hearing.

At the evidentiary hearing, petitioner, his trial counsel, and his counsel on the first petition for post-conviction relief all testified. After consideration of the evidence and arguments, the trial court dismissed the petition. Counsel did not file another motion for rehearing of this second dismissal, but did file a petition for review, which became our Cause No. 1 CA–CR 89–1555–PR. This court consolidated the two matters for disposition.

## DISCUSSION

### Cause No. 1 CA–CR 89–1305–PR: Motion to File a Delayed Motion for Rehearing

■ We find no abuse of discretion in the trial court's denial of the motion for leave to file a delayed motion for rehearing.

Rule 32.9(a) provides:

> Any party aggrieved by a final decision of the trial court in these proceedings may, within 10 days after the ruling of the court, move the court for a rehearing setting forth in detail the grounds wherein it is believed the court erred. There shall be a response filed within 10 days and a reply within 10 days.

Our supreme court has held that the time limits of Rule 32.9(a) are not jurisdictional and that, if a valid reason for non-compliance exists, the trial court may allow a late filing of the papers. *State v. Pope*, 130 Ariz. 253, 255, 635 P.2d 846, 848 (1981). The *Pope* court cautioned, however, that "the party asserting a valid reason for non-compliance with the time requirements has a heavy burden in showing the court why the non-compliance should be excused." *Id.* at 256, 635 P.2d at 849.

In this matter, petitioner did not meet his burden. Petitioner failed to allege or set forth any evidence that noncompliance with the applicable rule was excusable. Moreover, we note that the tendered motion for rehearing was itself inadequate under the rule. The motion simply incorporated the "amended" or second petition for post-conviction relief by reference, which is inappropriate. *State v. Moore*, 125 Ariz. 528, 529, 611 P.2d 115, 116 (App.1980). Furthermore, this "amended" petition for post-conviction relief stated, as a basis for the motion for rehearing, new matters not raised in the first petition. The law is clear that a court will not entertain new matters raised for the first time in a motion for rehearing. *State v. Ramirez*, 126 Ariz. 464, 616 P.2d 924 (App.1980). For these reasons, as to 1 CA–CR 89–1305–PR, we grant review, but deny relief.

*Cause No. 1 CA–CR 89–1555–PR: Dismissal Following the Evidentiary Hearing*

█ Following the evidentiary hearing on the claims raised in petitioner's "amended" or second petition for post-conviction relief, the trial court denied the petition. Petitioner then filed a petition for review. No new motion for rehearing was filed. Generally, filing of a motion for rehearing is essential for further appellate review. *State v. Gause,* 112 Ariz. 296, 541 P.2d 396 (1975), *cert. denied,* 425 U.S. 915, 96 S.Ct. 1515, 47 L.Ed.2d 766 (1976). Also, a petitioner must strictly comply with Rule 32 or be denied relief. *State v. Carriger,* 143 Ariz. 142, 692 P.2d 991 (1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 864 (1985). In this matter, although petitioner filed a motion for rehearing of the trial court's denial of the petition on the basis of preclusion, petitioner did not file a motion for rehearing after the trial court dismissed the petition following the evidentiary hearing on the merits.

█ We conclude that a second motion for rehearing is required because Rule 32.9 states in part that a motion for rehearing may be filed by "[a]ny party aggrieved by a *final decision* of the trial court...." (Emphasis added.) As noted, the filing of the motion for rehearing is essential for further appellate review, and only those claims preserved in the motion for rehearing are subject to review. Other claims that may have been previously raised in the petition or supplemental petition are waived. *State v. Thompson,* 139 Ariz. 552, 679 P.2d 575 (App.1984).

█ This court does not conduct a review for fundamental error in Rule 32 proceedings. *See State v. McFord,* 125 Ariz. 377, 609 P.2d 1077 (App.1980) (where counsel filed motion for rehearing in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), petition for review dismissed). *See also State v. Wagstaff,* 161 Ariz. 66, 775 P.2d 1130 (App.1988), *modified,* 164 Ariz. 485, 794 P.2d 118 (1990) (where petitioner failed to specify in motion for rehearing specifically how trial court erred, appellate court

declined to consider claims). Thus, when a petitioner fails to file a proper motion for rehearing, not only does the petitioner deprive the trial court of an opportunity to properly review the matter, but he fails to give this court a clear statement of the issues preserved for review. Absent a motion for rehearing and response, no issues are preserved for this court's review.

The procedural history of this case highlights the need for strict adherence to Rule 32.9. Petitioner's motion for rehearing filed after the trial court dismissed the petition on the basis of preclusion specifically alleged that the trial court erred in its application of preclusion. The motion was supported by argument and applicable law. The trial court granted that motion and set aside its previous order. Thereafter, an evidentiary hearing was held on petitioner's claims and evidence was presented in support of those claims. Later, the trial court dismissed the petition. At that point, it was incumbent upon petitioner to file a motion for rehearing "setting forth in detail the grounds wherein it is believed the court erred." Rule 32.9(a). The earlier motion for rehearing, filed prior to the evidentiary hearing on the merits and addressing only the issue of preclusion, does not satisfy the requirements of Rule 32.9(a). Neither the trial court nor this court has been provided with a statement of the issues for review. Obviously, the first motion for rehearing is not presented to this court for review. The trial court granted it and held an evidentiary hearing. Thereafter, the court entered its "final decision." Because petitioner failed to file a motion for rehearing from this "final decision" in compliance with Rule 32.9(a), the petition for review in Cause No. 1 CA–CR 89–1555–PR is dismissed.

BROOKS, P.J., and CONTRERAS, J., concur.