89 F.3d 848
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Anthony WILLIAMS, Petitioner-Appellant,
v.
Roger CRIST; Grant Woods, Attorney General, Respondents-Appellees.
 No. 95-17428.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Anthony Williams, an Arizona state prisoner, appeals pro se the district court's denial of his habeas petition with prejudice. This court reviews de novo a district court's denial of a habeas petition. See Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We have jurisdiction under 28 U.S.C. § 2253, and affirm.
 
 
 3
 Williams was convicted by a jury of escape, burglary, theft, armed robbery, kidnapping, aggravated assault, and unlawful flight. The district court denied Williams' habeas petition "[f]or the reasons set forth in Respondents' April 1, 1994 Answer." Contrary to Williams' argument, the absence of express findings of fact does not require remand if the record provides a complete understanding of the issues. See Louie v. United States, 776 F.2d 819, 823 (9th Cir.1985). We may affirm the district court's judgment on the basis of any evidence in the record that supports it. See id.
 
 Burden of Proof on Insanity Defense
 
 4
 Williams argues that his constitutional rights were violated when he was improperly required to carry the burden of proof on the defense of insanity. Williams procedurally defaulted on this claim by failing to present it to the Arizona Supreme Court on direct appeal or in his Ariz.R.Crim.P. 32 motion. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Denial of relief on this claim was proper because Williams failed to show cause for the default, or that the failure to consider the claim will result in a fundamental miscarriage of justice. Id.
 
 Admissibility of Statements
 
 5
 Williams argues that statements he made to police officers were introduced into evidence in violation of Miranda v. Arizona, 384 U.S. 436 (1966), because the statements were made after he invoked his right to remain silent. The transcript of the interrogation indicates that after being informed of his Miranda rights, Williams was asked by Officer Saavedra if he wanted to talk. Williams responded by saying "Nope." Officer Saavedra then asked, "You don't wanna talk to us at all,' to which Williams responded, "I might answer some questions, but not ... not everything." Seeking further clarification, Officer Saavedra asked, "What kind of questions are you willing to answer." Williams stated, "You need to ask me and I'll tell you whether I will answer 'em or not." When Officer Saavedra asked, "I need to know ... if [you're] exercising your right to remain silent ...," Williams stated, "I'll talk to you about certain things."
 
 
 6
 The police must terminate an interrogation if a defendant indicates that he wants to remain silent. See Miranda, 384 U.S. at 445. If a defendant's statement is ambiguous or equivocal, the police may only ask questions to clarify the defendant's desire to exercise his Miranda rights. Cf. Robtoy v. Kincheloe, 871 F.2d 1478, 1482 (9th Cir.1989) (equivocal request for counsel), cert. denied, 494 U.S. 1031 (1990). At the suppression hearing, Officer Saavedra stated that he asked a clarifying question because he did not hear Williams' first response ("Nope") because Williams' face was turned away. Officer Saavedra's follow up questions were limited to ascertaining whether Williams wanted to remain silent. Williams then "selectively waive[d] his right to remain silent by indicating he will respond to some questions, but not to others." United States v. Thierman, 678 F.2d 1331, 1335 (9th Cir.1982). In these circumstances, the introduction of the statements did not violate Williams' Miranda rights. Id.
 
 
 7
 Williams has procedurally defaulted on the issue of whether his statements were coerced by not presenting the issue to the Arizona Supreme Court on direct appeal or in his Rule 32 motion. See Coleman, 501 U.S. at 750. Moreover, he has failed to demonstrate cause and prejudice, or that a failure to consider the claim will result in a fundamental miscarriage of justice. Id.
 
 Jury Misconduct
 
 8
 Williams argues that he was deprived of due process by two instances of jury misconduct: an instance in which a juror visited the county attorney's office during the trial on an unrelated child custody matter, and an allegation by Williams that he saw a victim's husband talking to jurors. The prosecutor investigated the first instance, and informed the court and the defense that the criminal trial had not been discussed. In both instances, the defense failed to object, request a mistrial, or ask that the jurors be questioned.
 
 
 9
 To obtain habeas relief, a petitioner must demonstrate that the alleged constitutional error had a substantial or injurious effect or influence on the jury's verdict. See Jeffries v. Blodgett, 5 F.3d 1180, 1191 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). Williams has failed to make this showing.
 
 Closing Argument
 
 10
 Williams argues that he was denied due process by the prosecutor's statement in rebuttal argument that Williams had been "strategically" crying during the trial. A defense objection was sustained, and the jury was admonished not to consider closing arguments as evidence. Williams testified at trial, and defense counsel raised Williams' demeanor in his closing argument, stating, "You've seen the Defendant in the courtroom. I would submit to you that [he] is a wimp. He's not a cold, calculating criminal...." The prosecutor's remark did not render the proceedings fundamentally unfair. See Cambell v. Kincheloe, 829 F.2d 1453, 1457 (9th Cir.1987), cert. denied, 488 U.S. 948 (1988).
 
 Trial Court Errors
 
 11
 Williams raises six alleged errors committed by the trial court. Four of these claims are reformulations of claims made elsewhere in his habeas petition. The trial court properly denied relief on the claims that the trial court erred by not ordering a competency hearing and a change of venue because Williams failed to properly raise them in state court, and he failed to show why the procedural default rule should not bar federal review. See Coleman, 501 U.S. at 750.
 
 Ineffective Assistance of Counsel
 
 12
 In his habeas petition, Williams raised a number of "unprofessional errors" allegedly committed by his defense counsel which deprived him of his right to effective assistance of counsel. As respondents argued in their answer, although some of these issues were raised in Williams' petition for post-conviction relief, he failed to preserve the issues in a motion for rehearing in the trial court as required by former Ariz.R.Crim.P. 32.9(a). See State v. Bortz, 821 P.2d 236, 238 (Ariz.Ct.App.1991). For this reason, the appellate court declined to review the trial court's summary dismissal of Williams' state court petition. Because the state court relied on a valid procedural rule in denying review of Williams' claim, and Williams has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, federal review is barred. See Coleman, 501 U.S. at 750.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the same reason, federal review of Williams' claim that the trial court erred by summarily dismissing his post-conviction petition is barred