142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar A. ACOSTA, Petitioner-Appellant,
v.
Terry L. STEWART; Grant Woods, Respondents-Appellees.
 No. 96-16791.
D.C. No. CV-96-140-RMB.
 United States Court of Appeals,
Ninth Circuit.
 Decided April 23, 1998.
Submitted April 20, 1998.**
 
 1
 Appeal from the United States District Court for the District of Arizona, Richard M. Bilby, Chief Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Arizona state prisoner Oscar A. Acosta appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition as procedurally barred. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and affirm.
 
 
 5
 Acosta contends that the district court erred by finding that he had procedurally defaulted on his claim that his trial counsel was ineffective for failing to properly investigate the facts of the case prior to trial. We agree with the district court that Acosta procedurally defaulted on this claim when he failed to raise it in his motion for rehearing from the trial court's denial of his petition for postconviction relief. See State v. Bortz, 169 Ariz. 575, 821 P.2d 236, 238 (Ariz.Ct.App.1991) (only claims preserved in motion for rehearing following denial of postconviction relief by trial court are reviewable on appeal under former version of Ariz.R.Crim.P. 32.9; other claims which may have been raised are waived). Because Acosta neither contends that cause and prejudice nor a fundamental miscarriage of justice exist to excuse his procedural default, the district court properly dismissed the claim as procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Acosta also contends that his failure to exhaust state remedies should be excused because it would have been futile to seek further relief in state court after the Arizona court of appeals found that Acosta had procedurally defaulted on his claim. While we agree with Acosta that he could not exhaust his state remedies, it is due to his procedural default, not futility