NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Respondent*,

*v.*

RAYMOND ROJAS STEVENS, *Petitioner*.

No. 1 CA-CR 12-0747 PRPC
FILED 3-6-2014

_____

Petition for Review from the Superior Court in Maricopa County
No. CR2006-146397-001
CR2010-138650-001
The Honorable Phemonia L. Miller, Pro Tem

**REVIEW GRANTED; RELIEF DENIED**

_____

COUNSEL

Arizona Attorney General, Phoenix
By Joseph T. Maziarz
*Counsel for Respondent*

Raymond Rojas Stevens, Florence
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Lawrence F. Winthrop joined.

_____

**J O N E S,** Judge:

¶1          Petitioner Raymond Rojas Stevens petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Orozco, and Judges Winthrop and Jones have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          In 2007, Stevens pled guilty to aggravated assault and the trial court sentenced him to 2.5 years imprisonment.  In 2011, Stevens pled guilty to aggravated DUI and the trial court sentenced him to five years imprisonment.  As stipulated in the plea agreement, the trial court used Stevens's prior aggravated assault conviction to enhance the DUI sentence.

¶3          In August 2012, Stevens filed a pro se consolidated petition for post-conviction relief in both cases.  That petition for post-conviction relief served as a timely "of-right" petition for post-conviction relief in the DUI case, but was the first untimely petition he filed in the aggravated assault case.  Ariz. R. Crim. P. 32.4(a) (A defendant must initiate a Rule 32 of-right proceeding within ninety days of the entry of judgment and sentence.).  The trial court dismissed the petition and Stevens now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶4          Giving Stevens the benefit of the doubt as to the issues properly presented for review, Stevens argues the trial court could not enhance the range of sentence for his DUI conviction with the prior conviction for aggravated assault because at some unidentified time, the trial court "dismissed" the aggravated assault case and/or conviction.  We deny review.  The record on review for the aggravated assault case establishes neither the charge nor the resulting conviction was dismissed and Stevens provides no evidence to the contrary.

**¶5**        While the petition for review arguably presents additional issues, Stevens did not raise those issues in the petition for post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6**        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : mjt