NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID URIARTE, JR., *Petitioner*.

No. 1 CA-CR 12-0487 PRPC

FILED 3-18-2014

Petition for Review from the Superior Court in Maricopa County
No. CR 2010-005836-001
The Honorable John R. Hannah, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

David Uriarte, Jr., Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould, Judge Peter B. Swann, and Judge Jon W. Thompson delivered the following decision.

---

**PER CURIAM**:

¶1          Petitioner David Uriarte, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Andrew W. Gould and Judges Peter B. Swann and Jon W. Thompson have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          Uriarte pled guilty to three counts of attempted molestation of a child, all dangerous crimes against children. The trial court sentenced Uriarte to a presumptive term of ten years of imprisonment for one count and placed him on lifetime probation for the other two. Uriarte filed a *pro se* of-right petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court dismissed the petition and Uriarte now seeks review. We have jurisdiction pursuant to Ariz. R. Crim. P. 32.9(c).

¶3          The petition properly presents one issue for review. Uriarte argues that his trial counsel was ineffective when she failed to "challenge the Court about the conduct of the Judge and the [prosecutor] for basin[g] everything [on] pure speculation." To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶4          We grant review but deny relief. Uriarte does not identify any specific action or inaction on the part of the trial court or the prosecutor that his counsel should have challenged, nor does he identify how any alleged action or inaction on the part of the court or the prosecutor prejudiced him. Further, Uriarte does not identify the specific legal grounds for any proposed challenge that his counsel should have

made. He has, therefore, failed to state a colorable claim for relief based on ineffective assistance of counsel. If the "pure speculation" to which Uriarte refers is the evidence supporting the convictions themselves, Uriarte does not contest that he pled guilty to each count and gave a sufficient factual basis to support each guilty plea.

**¶5** While the petition for review presents several additional issues, Uriarte did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6** For the reasons stated above, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: mjt