NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DEVON E. PHILLIPS, *Petitioner*.

No. 1 CA-CR 12-0755 PRPC

FILED 03/18/2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2008-162530-003
CR2010-119630-001
The Honorable Roland J. Steinle, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Arizona Attorney General, Tucson
By Joseph T. Maziarz
   and
Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Devon E. Phillips, Tucson
*Petitioner Pro Per*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**G E M M I L L,** Judge:

¶1            Petitioner Devon E. Phillips petitions this court for review of the dismissal of his petition for post-conviction relief.  Presiding Judge Samuel A. Thumma and Judges John C. Gemmill and Randall M. Howe have considered the petition for review.  For the following reasons, we grant review but deny relief.

¶2            Phillips pled guilty to two counts of attempted possession of marijuana for sale in two consolidated cases.  The trial court sentenced him to concurrent terms of 5.5 years' imprisonment for each count. Phillips then filed a consolidated pro se petition for post-conviction relief of-right after counsel found no colorable claims for relief.  The trial court summarily dismissed the petition and Phillips now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3            The petition for review properly presents three issues, all of which allege ineffective assistance of counsel.  To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶4            Phillips first argues his trial counsel was ineffective when he failed to investigate the cases in a manner sufficient to give Phillips all the information necessary to make an informed decision as to whether to accept or reject the plea offers.  Phillips, however, does not explain what counsel failed to do, does not explain what information counsel failed to discover or provide to Phillips, does not identify any defenses counsel failed to investigate, and does not otherwise provide any details about

counsel's alleged inactions. Phillips has, therefore, failed to state a colorable claim of ineffective assistance.

¶5        Phillips next argues his trial counsel was ineffective when he failed to inform Phillips the State would recommend that he receive concurrent terms of 5.5 years for each count. The plea agreements provided the trial court would sentence Phillips to a presumptive sentence of 3.5 years, a minimum sentence of 2.5 years (2 years if the court made an exceptional circumstances finding), and a maximum of 7 years (8.75 years if the court made an exceptional circumstances finding) for each count. The trial court explained this to Phillips at the change of plea hearing and Phillips acknowledged he understood this. Phillips also acknowledged he read and understood the plea agreements and discussed them with his counsel. Phillips has failed to state a colorable claim of ineffective assistance based on the mere failure to inform Phillips the State would recommend a sentence well within the agreed upon range.

¶6        Finally, Phillips argues counsel appointed to represent him in post-conviction relief proceedings was ineffective when he failed to adequately investigate any potential claims for post-conviction relief and instead filed a notice that he could find no colorable claims for relief. Phillips has failed to present a colorable claim because he does not identify any meritorious claims counsel should have raised. Further, no action or inaction of counsel prejudiced Phillips because Phillips raised every claim he believed was colorable in his own pro se petition.

¶7        Although the petition for review presents additional issues, Phillips did not raise those issues in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8        For the above reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh