NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

WILLIE LEE PARKER, *Petitioner.*

No. 1 CA-CR 13-0002 PRPC
FILED 4-1-2014

---

Petition for Review from the Superior Court in Maricopa County
Nos. CR2008-165225-001
CR2009-180397-001
CR2010-005826-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

William Lee Parker, Phoenix
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kent E. Cattani, Judge Margaret H. Downie and Judge Michael J. Brown delivered the decision of the court.

---

**PER CURIAM**:

¶1          Willie Lee Parker petitions for review from the dismissal of his petition for post-conviction relief.  We grant review but deny relief.

¶2          Parker pled guilty to one count of aggravated driving under the influence ("DUI") in three separate cases; the trial court sentenced him to stipulated, concurrent terms of ten years' imprisonment for each count. The counts were aggravated because Parker committed each DUI while his driver's license or privilege to drive was suspended, canceled, revoked, or refused, or while a restriction was placed on his license as a result of a prior DUI.  *See* Ariz. Rev. Stat. ("A.R.S.") § 28-1383(A)(1).  Parker did not file a timely petition for post-conviction relief of-right in any of the three cases.  *See* Ariz. R. Crim. P. 32.4(a) (defendant must initiate an "of-right" Rule 32 proceeding within 90 days after entry of judgment and sentence).  He later filed a *pro se* consolidated petition for post-conviction relief which the trial court summarily dismissed.  Parker now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          Parker contends the factual basis for each plea was insufficient because newly discovered evidence shows that his license was not suspended, canceled, revoked, refused, or otherwise restricted at the time of the offenses.  He further argues that his trial counsel was ineffective for failing to raise this issue below.  The trial court ruled that the assertions regarding the factual bases for the pleas and claim of ineffective assistance of counsel were precluded as untimely.  It further ruled that the supporting evidence did not qualify as newly discovered evidence.

¶4          We deny relief.  Parker could have raised his claims regarding the factual bases for the pleas and ineffective assistance of counsel in a timely petition for post-conviction relief of-right.  Further, he could have supported those timely claims with the documentation he now claims to be newly discovered evidence.  Parker offers no explanation for

failing to present his claims, supported with the documentation, in a timely of-right petition for post-conviction relief. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Further, the documents Parker asserts are newly discovered do not prove that his license was not suspended, canceled, revoked, refused, or otherwise restricted at the time of the offenses.

**¶5**        Although the petition for review arguably presents additional issues, Parker did not raise those issues in the petition for post-conviction relief filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6**        For the reasons stated, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: MJT