NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VINCENT E. RODRIGUEZ, *Petitioner*.

No. 1 CA-CR 13-0031 PRPC
FILED 4-17-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2003-013217-001
The Honorable Edward Bassett, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Vincent E. Rodriguez, San Luis
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**O R O Z C O**, Judge:

**¶1**	Petitioner Vincent Edward Rodriguez (Rodriguez) petitions this court for review from the dismissal of his petition for post-conviction relief.  For the reasons stated below, we grant review but deny relief.

**¶2**	Rodriguez pled guilty to possession or use of dangerous drugs and the trial court placed him on three years' probation.  The court later revoked Rodriguez's probation based on his guilt in another matter and sentenced him to two and one half years' imprisonment.  Rodriguez now seeks review of the summary dismissal of his petition for post-conviction relief filed on December 19, 2011, one of two pending petitions for post-conviction relief the trial court considered in a consolidated proceeding.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**	In his petition for review, Rodriguez argues the trial court erred when it dismissed his petition for post-conviction relief as untimely and when it failed to strike the State's response to the petition as untimely.  Rodriguez further argues the trial court erred when it noted in a minute entry that it dismissed the petition for post-conviction relief on May 30, 2012 in open court and in Rodriguez's presence.  Rodriguez argues he was not present for any proceedings on May 30.

**¶4**	We deny relief.  First, Rodriguez did not raise any of these issues in the petition for post-conviction relief at issue.  A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).  Second, the trial court did not dismiss Rodriguez's petition for review as untimely, but expressly held the petition he filed on

December 19, 2011 was timely. Third, the failure to strike the State's response is not a cognizable claim under Rule 32.1.[1]

¶5 Regarding the trial court's reference to dismissing the matter in Rodriguez's presence on May 30, 2012, the court later corrected itself and noted the hearing was *held* on May 24, 2012, not May 30, 2012 but the minute entry from the May 24 2012 hearing was actually *signed* on May 30, 2012, and the record indicates Rodriguez was present at the hearing held on May 24, 2012.

¶6 It is only in his reply that Rodriguez actually identifies and addresses the issues he raised below. This court will not consider arguments or issues first raised in a reply. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App. 2000). We also note that none of the claims Rodriguez presented in the petition for post-conviction relief at issue are cognizable under Rule 32.1.

¶7 For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : MJT

---

[1] We decline to ⸻ ⸻ ⸻ ⸻ ⸻ "response" simply asks us to consider the response the State filed below, attaches a copy of that response to the request and incorporates it by reference. Much of that attached response addresses another matter not before us. Further, the response does not address the petition for post-conviction relief at issue in any meaningful way and does not address Rodriguez's petition for review at all.