NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOSE MANUEL PINZON, *Petitioner.*

No. 1 CA-CR 13-0206 PRPC
FILED 06-17-2014

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201000868
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

Jose Manuel Pinzon, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Petitioner, Jose Manuel Pinzon, petitions this court for review from the dismissal of his petition for post-conviction relief. After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2        A jury convicted Pinzon of transportation of dangerous drugs for sale, the trial court sentenced him to a presumptive term of ten years' imprisonment, and this court affirmed his convictions and sentences on direct appeal. *See State v. Pinzon*, 1 CA-CR 11-0521, 2012 WL 2469640 (Ariz. App. June 21, 2012). Pinzon now seeks review of the summary dismissal of his first petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Pinzon properly presents one issue for review. Pinzon argues he should be resentenced pursuant to *Blakely v. Washington*, 542 U.S. 296, 301 (2004), because the trial court, rather than the jury, determined the existence of aggravating factors for sentencing purposes. We deny relief because Pinzon received a presumptive sentence. When a trial court imposes a presumptive sentence, the court's consideration of aggravating factors not found by a jury does not violate the provisions of *Blakely*. *See State v. Miranda-Cabrera*, 209 Ariz. 220, 227, ¶ 32, 99 P.3d 35, 42 (App. 2004).

¶4        The petition for review presents additional issues, some of which Pinzon does not expressly identify, although he argues them within the body of his petition. Pinzon, however, did not raise these additional issues in the petition for post-conviction relief he filed below. Although some of these additional issues are similar to issues he raised below, they are not the same issues or arguments. A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

We also note that although Pinzon identifies eight specific issues for review, he does not provide supporting argument for all of those issues within the body of his petition. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. *See Bortz*, 169 Ariz. at 578, 821 P.2d at 239; Ariz. R. Crim. P. 32.5, 32.9(c)(1). "Merely mentioning an argument is not enough . . . ." *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004).

**¶5**        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh