NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LORENZO SHIVERS, *Petitioner.*

No. 1 CA-CR 13-0108 PRPC
FILED 07-24-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-151074-001
The Honorable Sam J. Meyers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur Hazelton
*Counsel for Respondent*

Lorenzo Shivers, Buckeye
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

**B R O W N**, Judge:

¶1 Lorenzo Shivers petitions this court for review from the dismissal of his petition for post-conviction relief. For the reasons stated, we grant review and deny relief.[1]

¶2 Shivers pled guilty to three counts of armed robbery and one count of trafficking in stolen property. The trial court sentenced him to consecutive terms of eleven years' imprisonment for two counts of armed robbery and placed him on probation for the remaining counts. The imposition of consecutive sentences was a term of a plea agreement. Shivers filed a *pro se* petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Shivers now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Shivers argues his initial trial counsel was ineffective when she failed to take the steps necessary to permit Shivers to accept an earlier plea offer which did not contain a provision that required consecutive sentences.[2] He also argues his subsequent trial counsel was ineffective by failing to adequately explain that the plea agreement Shivers ultimately signed required consecutive sentences.

¶4 To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

---

[1] We note that Shivers filed a "Supplemental Brief to State's Response" on July 11, 2014. As the State's response brief was filed on March 13, 2013, we will not consider Shivers' "reply brief" because it is untimely. *See* Ariz. R. Crim. P. 32.6(b) ("Within fifteen days after receipt of the response, the defendant may file a reply.").

[2] Even though Shivers properly presented this issue in his petition for post-conviction relief, the trial court did not address this issue in its decision. We may, however, affirm a decision on any basis supported by the record. *State v. Robinson,* 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

¶5  Regarding Shivers' initial counsel and the earlier plea offer, the State provided Shivers a written plea offer that expired on October 26, 2010, seven months before Shivers ultimately pled guilty. That offer did not include a provision that required consecutive sentences. The omission, however, was an error created by the State, which never intended to make an offer that did not include a provision for consecutive sentences. Therefore, Shivers cannot demonstrate prejudice because the prosecutor testified he would never have had authority to agree to the prior plea offer.

¶6  Furthermore, the only reason the State made a subsequent offer was because of the confusion caused by the first plea offer. Shivers would not have been permitted to simply sign the erroneous plea agreement and force the State to accept it. Any party may revoke a plea agreement at any time prior to its acceptance by the court. Ariz. R. Crim. P. 17.4(b). Therefore, no action or inaction on the part of Shivers' initial counsel cost him the opportunity to enter into a more favorable plea agreement.

¶7  Regarding Shivers' subsequent counsel and the imposition of consecutive sentences, Shivers stipulated to the imposition of consecutive sentences as a term of his plea agreement. Further, the judge who conducted Shivers' settlement conference explained to Shivers that the plea agreement required him to serve one count of armed robbery consecutive to another count of armed robbery. Shivers acknowledged to the judge that he understood this and that he still wished to plead guilty.

¶8  While the petition for review presents additional issues, Shivers did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶9  Accordingly, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh