NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD RAMSEY, *Petitioner*.

No. 1 CA-CR 13-0233 PRPC
FILED 08-19-2014

Petition for Review from the Superior Court in Maricopa County
Nos. CR2011-118393-002
CR2011-123891-001

The Honorable Robert E. Miles, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Richard Ramsey, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

**T H O M P S O N**, Judge:

¶1        Petitioner Richard Wayne Ramsey petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        This matter involves two cases. Ramsey pled guilty to possession or use of dangerous drugs in the first case and the trial court sentenced him to 2.5 years imprisonment. In the second case, Ramsey pled guilty to burglary in the third degree and misconduct involving weapons and the trial court sentenced him to concurrent terms of six years imprisonment for both counts. The court further ordered that Ramsey serve the sentences in the second case consecutive to the sentence in the first case. Ramsey filed a consolidated pro se petition for post-conviction relief of-right in the two cases after his counsel found no colorable claims for relief. The trial court granted relief in part and awarded Ramsey additional credit for presentence incarceration. The court summarily dismissed the remainder of the petition and Ramsey now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Ramsey argues the prosecutor engaged in misconduct at sentencing when the prosecutor informed the court the victim of the burglary wanted Ramsey to receive the maximum sentence because Ramsey took weapons, including fully automatic weapons, during the burglary. Ramsey claims that while he burglarized the property, someone else had already taken all the weapons. Ramsey argues this representation deceived the court and caused the court to impose a greater sentence for burglary. Ramsey also claims his counsel was ineffective when counsel failed to object to the alleged misrepresentation.

¶4        We deny relief. First, the prosecutor simply relayed the victim's opinion regarding why he believed Ramsey deserved the maximum sentence available. Second, Ramsey pled guilty to burglary based in part on accomplice liability. Third, of the twenty-nine weapons taken from the victim, some were fully automatic and police found five of the non-fully automatic weapons in Ramsey's residence. Fourth, the trial court knew Ramsey denied he personally took the weapons even though he committed burglary. For these reasons, there was no misrepresentation to the court. Finally, the record shows the trial court did not consider the weapons as a factor for sentencing purposes in any context. Therefore, Ramsey suffered no harm.

**¶5** While the petition for review presents additional issues, Ramsey did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii

**¶6** We grant review and deny relief.

