NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

AUGUSTINE VILLANUEVA GUTIERREZ, *Petitioner*.

No. 1 CA-CR 13-0933 PRPC
FILED 9-10-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-006306-001
The Honorable Kristin Hoffman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Augustine Villanueva Gutierrez, Douglas
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

---

**T H O M P S O N, Judge**:

**¶1**        Petitioner Augustine Villanueva Gutierrez petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        Gutierrez pled guilty to aggravated assault as a result of a collision between his vehicle and a vehicle in which the victim was a passenger. The trial court sentenced Gutierrez to a stipulated term of sixteen years' imprisonment. Gutierrez filed a pro-se petition for post-conviction relief of right after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Gutierrez now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statute (A.R.S.) section 13-4239(C) (2010).

**¶3**        Gutierrez properly presents three claims of ineffective assistance of counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**¶4**        In his first two claims, Gutierrez argues his trial counsel was ineffective when: (1) counsel failed to obtain and/or provide Gutierrez a copy of a police report and (2) counsel allegedly told Gutierrez his vehicle hit the victim's vehicle. Gutierrez contends he would not have pled guilty if he had known the police report showed that, contrary to counsel's alleged representations, the victim's vehicle struck Gutierrez's vehicle. Gutierrez asserts he cannot be guilty of aggravated assault if his vehicle did not strike the victim's vehicle.

¶5        We deny relief because there is no reasonable probability the result of the proceeding would have been different but for counsel's alleged actions or inactions.  The basis for why Gutierrez claims he would not have pled guilty is wholly unfounded.  While the report indicates the victim's vehicle struck Gutierrez's vehicle, the report further indicates the victim's vehicle struck Gutierrez's vehicle because Gutierrez failed to yield right of way and turned left in front of the victim's vehicle.  Further, Gutierrez admitted at the change of plea hearing that he recklessly caused the accident and the injuries to the victim when he turned left in front of the victim's vehicle while he drove with a blood alcohol concentration of .15 percent.  Gutierrez acknowledged in his petition for post-conviction relief that "Due to intoxication, [he] does not remember much of the accident."  Therefore, Gutierrez could be charged with and convicted of aggravated assault for recklessly causing physical injury to the victim while using a dangerous instrument.  *See* A.R.S. §§ 13-1203(A)(1) (2010) (assault); 13-1204(A)(2) (2010) (aggravated assault using a dangerous instrument).  That the victim's vehicle hit Gutierrez is of no matter; Gutierrez caused the collision.

¶6        Gutierrez also argues his trial counsel was ineffective when counsel allegedly advised Gutierrez not to accept an earlier plea offer that would have provided for a range of sentence of five to 7.5 years' imprisonment.  We deny relief because the record shows there was no such offer.  The offer Gutierrez ultimately accepted was the State's first and only offer.  The State would not even entertain Gutierrez's counteroffer of twelve to twenty-one years' imprisonment.

¶7        While the petition for review presents additional issues, Gutierrez did not raise those issues in the petition for post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

3