NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JEFFREY ALLEN WIGGS, *Petitioner.*

No. 1 CA-CR 16-0579 PRPC
FILED 7-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-002728-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Jeffrey Allen Wiggs, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

---

**T H U M M A**, Chief Judge:

**¶1**   Petitioner Jeffrey Allen Wiggs seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Wiggs has shown no such error, this court grants review but denies relief.

**¶2**   A jury convicted Wiggs of two counts of aggravated driving or actual physical control while under the influence. Wiggs admitted he had two prior historical felonies and the court sentenced him to concurrent terms of 10 years in prison. This court affirmed the convictions and sentences on direct appeal. *State v. Wiggs*, 1 CA-CR 14-0294, 2015 WL 1455201 (Ariz. App. Mar. 31, 2015) (mem. dec.).

**¶3**   Wiggs timely filed a notice of post-conviction relief. After appointed counsel filed a notice that he had found no claims, Wiggs filed a pro se petition. Wiggs reasserted claims that had been raised on direct appeal and rejected on the merits, but presented them in the context of ineffective assistance of counsel. He claimed that trial counsel was ineffective for failing to: (1) challenge or expose perjured testimony; (2) move to suppress pretrial and trial identifications; (3) challenge the State's suppression of evidence; (4) more effectively cross examine witnesses; and (5) present trial evidence favorable to Wiggs.

**¶4**   The State responded that although the claims were presented as ineffective assistance claims, some were actually argued as "stand alone" claims and thus were precluded. The State also argued that Wiggs had not set forth any colorable claim. Finding no colorable claim, the superior court

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

summarily dismissed. Wiggs filed a motion for rehearing that was denied the day after he filed his petition for review with this court.

**¶5**   Wiggs' petition for review is deficient. Wiggs has improperly incorporated by reference superior court filings, which is insufficient to press an argument. *State v. Bortz*, 169 Ariz. 575, 578 (App. 1991). The only issue properly presented is his claim that trial counsel failed to adequately challenge a witness who had identified Wiggs as the driver of the vehicle before the collision. He claims counsel should have moved to suppress the pretrial identification, more "aggressively cross examine[d]" the witness at trial and impeached the witness with a transcript of a 9-1-1 call.

**¶6**   To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Nash*, 143 Ariz. 392 (1985). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the court need not determine whether the other prong was satisfied. *State v. Salazar*, 146 Ariz. 540 (1985).

**¶7**   To succeed on this claim, Wiggs must show that there is a "reasonable probability," that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Wiggs has not met this burden. Although he asserts that the witness's identification was unreliable, he has not shown that, but for counsel's failure to more fully discredit the identification, the result of his trial probably would have been different. As reflected by the record and the facts set forth in this court's memorandum decision on direct appeal, ample circumstantial evidence was presented to the jury that Wiggs was driving the vehicle at the time of the collision.

**¶8**   For these reasons, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA