NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

v.

GEARY WAYNE WALTON, *Petitioner*.

No. 1 CA-CR 24-0565 PRPC

FILED 04-24-2025

Appeal from the Superior Court in Maricopa County
No. CR1987-009953
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Geary Wayne Walton, Florence
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Phillip D. Garrow
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1 Geary Wayne Walton petitions this court to review the superior court's denial of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 32. For the reasons stated, we grant review but deny relief.

¶2 In 1988, a jury convicted Walton of attempted sexual abuse, public sexual indecency with a minor, sexual conduct with a minor with one prior predicate felony, and seven counts of sexual conduct with a minor with two prior predicate felonies. The superior court sentenced Walton to a fifteen-year term of imprisonment for attempted sexual abuse, a consecutive six-year term of imprisonment for public indecency with a minor, a consecutive thirty-five year term of imprisonment for one count of sexual conduct with a minor, and seven consecutive life sentences with a possibility of parole after thirty-five years served (in each sentence) for the remaining seven counts of sexual conduct with a minor.

¶3 Walton appealed. Pending that appeal, Walton petitioned for post-conviction relief in the superior court, which the court summarily denied. Walton then filed a petition for review, which the supreme court consolidated with the direct appeal. This court affirmed Walton's convictions and sentences and granted review of his petition but denied relief. *State v. Walton*, 1 CA-CR 90-1304 (Ariz. App. Sept. 10, 1991) (mem. decision).

¶4 Since that time, Walton has sought post-conviction relief more than two dozen times. *See* Ariz. R. Crim. P. 32.3(b) (subjecting any application or request for relief that challenges the validity of a conviction or sentence to analysis under Rule 32). In his current petition for post-conviction relief and petition for review, Walton claims: (1) he was incompetent to stand trial because he suffered from an undiagnosed traumatic brain injury and post-traumatic stress disorder at the time he committed the underlying offenses, (2) the prosecutor or some other unidentified "government agent" engaged in unspecified misconduct that

persuaded defense witnesses not to testify at trial, (3) his sentence violates the constitutional prohibition against multiple punishments for the same offense, (4) actual innocence, alleging "error relating to his identification by witnesses" and "improper argument" by the prosecutor "related to that identification," and (5) ineffective assistance of counsel because his trial attorney failed to adequately investigate his neurological health and discover his mental impairment.[1]

**¶5**     Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). It is the petitioner's burden to show that the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶6**     Walton contends that each of his claims qualifies as "newly discovered" because his affliction with a traumatic brain injury and post-traumatic stress disorder was previously unknown and "only presented to the trial court in [the] current [post-conviction relief] proceedings." To support this proposition, Walton points to medical correspondence from 2023 and 2024 discussing "bullet fragments" that remain in his "right frontal lobe" from a 1979 shooting and "evidence of right frontal region encephalomalacia" reflected in "previous CT scans."

**¶7**     Contrary to Walton's contention that he presented each of these claims for the first time in the current post-conviction relief proceedings, the record reflects that he previously claimed: (1) he suffered from "a head injury and post-traumatic stress disorder" that diminished his legal culpability for his conduct, (2) prosecutorial misconduct, (3) his sentence violates the double jeopardy clause, (4) actual innocence, and (5) ineffective assistance of counsel predicated on a failure to investigate his neurological impairment in previous petitions for post-conviction relief. Any claim a petitioner raised or could have raised either on direct appeal or in an earlier post-conviction relief proceeding is precluded under Rule 32.2(a), and none of the exceptions under Rule 32.2(b) applies here.

---

[1]     To the extent Walton also raises a claim concerning DNA testing in his petition for review, we do not consider it because the superior court expressly found that his "passing" reference to DNA testing in the petition for post-conviction relief failed to present a claim for review. A petition for review may not present issues not first presented in the superior court. *State v. Bortz*, 169 Ariz. 575, 578 (App. 1991).

¶8 Accordingly, we grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR