NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RONNIE BUSTAMANTE OROZCO, *Petitioner*.

No. 1 CA-CR 13-0015 PRPC
FILED 4-3-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2011-114544-003
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche

*Counsel for Respondent*

Ronnie Bustamante Orozco, Buckeye

*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

**¶1**　　　　Petitioner Ronnie Bustamante Orozco petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　Orozco pleaded guilty to theft and theft of means of transportation. The superior court sentenced him to a stipulated term of 14 years for the theft offense and eight years for the theft of means of transportation offense, with the sentences to run concurrently. Orozco filed an *in propria persona* petition for post-conviction relief of-right after his counsel found no colorable claims for relief. *See* Ariz. R. Crim. P. 32.4(c)(2). The superior court summarily dismissed the petition, and Orozco now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**　　　　Orozco argues he is entitled to post-conviction relief because his counsel was ineffective by failing to adequately investigate his case. Orozco asserts that had counsel been more thorough, counsel would have learned there was neither a warrant for Orozco's arrest, which Orozco contends occurred on private property, nor probable cause to make a warrantless arrest. Orozco relatedly argues the absence of a warrant invalidates the sufficiency of the factual basis for his pleas.

**¶4**　　　　"Probable cause to arrest without a warrant exists if the arresting officer possesses information sufficient to justify a reasonable and prudent person in believing that a felony has been committed by the individual arrested." *State v. Valle*, 196 Ariz. 324, 330, ¶ 21, 996 P.2d 125, 131 (App. 2000) (citation omitted). Here, the record reveals law enforcement officers conducted surveillance and observed Orozco operate a stolen backhoe. Officers later observed Orozco pulling a stolen trailer behind his truck. When officers tried to pull Orozco over, he ran from them. Officers later arrested him at the courthouse following a hearing in another matter. The officers did not need to obtain a warrant because they

2

had observed Orozco operating stolen equipment. Thus, Orozco's counsel did not have a basis to challenge the warrantless arrest and was not ineffective. We therefore reject Orozco's argument he is entitled to post-conviction relief for ineffective assistance of counsel and insufficiency of a factual basis for his pleas.[1]

¶5　　　　Orozco also argues he is entitled to post-conviction relief because of newly discovered evidence. In support of this argument, he again relies on the absence of a warrant and counsel's failure to conduct a thorough investigation as well as the absence of DNA evidence to connect him to the offenses.

¶6　　　　As already discussed, Orozco's counsel was not ineffective in not challenging the warrantless arrest. And, the absence of DNA evidence is irrelevant. As the superior court correctly noted, "the warrantless arrest, lack of probable cause and lack of DNA [evidence] were known to [Orozco] at the time of the plea agreement and therefore are inappropriate for relief under a newly discovered evidence remedy." Accordingly, we reject Orozco's argument he is entitled to post-conviction relief because of newly discovered evidence.

¶7　　　　The petition for review presents additional issues, but Orozco did not raise those issues in his petition for post-conviction relief. Therefore, we will not address them. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991) (petition for review may not present issues not first presented to the superior court); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8　　　　For the above reasons, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: MJT

---

[1]We also note that at the change of plea hearing, defense counsel summarized the factual basis for Orozco's pleas, and he confirmed its accuracy.