NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN FRANK KARBAN, *Petitioner*.

No. 1 CA-CR 12-0687 PRPC

FILED 08-21-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2005-011629-001
The Honorable Harriett E. Chavez, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Stephen Frank Karban, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

**¶1**        Petitioner Stephen Frank Karban petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Andrew W. Gould and Judges Peter B. Swann and Jon W. Thompson have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury convicted Karban of one count of molestation of a child, one count of sexual abuse and nine counts of sexual conduct with a minor.  The trial court sentenced Karban to an aggregate term of 138.5 years' imprisonment and we affirmed his convictions and sentences on direct appeal.  *State v. Karban*, 1 CA-CR 08-0810; 1 CA-CR 08-0989 (Consolidated) (Ariz. App. Jul. 29, 2010).   Karban now seeks review of the summary dismissal of his pro per petition for post-conviction relief.   We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Karban attempts to incorporate issues and arguments from his petition for post-conviction relief into his petition for review by mere reference.  A petition for review may not incorporate by reference any issue or argument.  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c).   The petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record.  "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005).   A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief.  *Id.*  Therefore, we address only those issues for which Karban sets forth specific claims he supports with sufficient argument and citation to both legal authority and the record.

**¶4**        Karban first asserts the State denied him the right to compulsory process and otherwise denied him the right to call witnesses. Karban argues a subpoenaed defense witness failed to appear at trial because one of the State's witnesses intimidated the defense witness. Karban contends the State's witness became an agent of the State when she cooperated with and testified for the State.  We deny relief.  A witness does not become an agent of the state simply because the victim cooperates with the State.  *State v. Rienhardt*, 190 Ariz. 579, 585, 951 P.2d 454, 460 (1997). Karban offers no evidence any agent of the State was involved in any alleged intimidation of the defense witness.

**¶5**        Karban next presents a laundry list of twenty separate claims of alleged ineffective assistance of appellate counsel.  Karban argues he

presented these fully developed issues to his appellate counsel and directed her to include them in his opening brief on direct appeal. Karban argues his counsel was ineffective when she declined to do so.

¶6            To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A colorable claim of ineffective assistance of appellate counsel is a claim which, if true, might have changed the outcome." *State v. Febles*, 210 Ariz. 589, 595, ¶ 18, 115 P.3d 629, 635 (App. 2005). "[T]he petitioner must demonstrate a reasonable probability that but for counsel's deficient performance, the outcome of the appeal would have been different." *Id.*

¶7            We deny relief. Karban's appellate counsel explained to him that she carefully considered each issue he instructed her to raise on appeal "before deciding to pass on them." Counsel further explained she did not raise the issues Karban suggested "because they could not be substantiated by the record and/or were not properly objected to."[1] Appellate counsel is not required to "raise every possible or even meritorious issue on appeal." *State v. Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377, 1382 (App. 1995). The "strategic decision to 'winnow out weaker arguments on appeal and focus on' those more likely to prevail is an acceptable exercise of professional judgment." *Febles*, 210 Ariz. at 596, ¶ 20, 115 P.3d at 636 (internal citation omitted). Further, "[o]nce the issues have been narrowed and presented, appellate counsel's waiver of other possible issues binds the defendant. Absent any evidence that the failure to raise an issue fell below prevailing professional norms and would have changed the outcome of the appeal, the claim is not colorable." *Id.* at 596, ¶ 19, 115 P.3d at 636 (internal citation omitted). Karban has failed to present a colorable claim that his appellate counsel was ineffective when she considered and declined to raise issues Karban sought to raise on appeal and she instead chose to raise issues she believed had more merit.

¶8            Finally, Karban contends the indictment through which the State charged him was insufficient. Karban could have raised this claim on direct appeal. Any claim a defendant could have raised on direct appeal is

---

[1]        Karban represented himself at trial.

precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply.[2]

**¶9** While the petition for review presents additional issues and arguments, Karban did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *Bortz*, 169 Ariz. at 577, 821 P.2d at 238; Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶10** We grant review and deny relief.[3]



**Ruth A. Willingham** · **Clerk of the Court**
FILED: gsh

---

[2] Karban does not contend appellate counsel was ineffective when she failed to present this issue on appeal.

[3] While the trial court resolved these issues on different grounds, we may affirm a decision of a trial court on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).