NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

VICTOR MANUEL CASTILLO ESTOBAR, *Petitioner*.

No. 1 CA-CR 13-0110 PRPC

FILED 08-21-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2009-007077-001
The Honorable Maria del Mar Verdin, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Victor Manuel Castillo Estobar, Douglas
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

**D O W N I E**, Judge:

**¶1**            Petitioner Victor Manuel Castillo Estobar petitions this Court
for review from the dismissal of his petition for post-conviction relief.  For
the following reasons, we grant review and deny relief.

**¶2**            A jury convicted Estobar of participating in a criminal
syndicate, smuggling, forgery, and two counts of kidnapping.  The trial
court sentenced him to an aggregate term of forty-two years' imprisonment,
and we affirmed the convictions and sentences as modified on direct
appeal.  *State v. Estobar*, 1 CA-CR 10-0442, 2011 WL 2306651, *2, ¶ 8 (Ariz.
App. June 2, 2011) (mem. decision).  Estobar filed a *pro se* petition for post-
conviction relief after his counsel found no colorable claims for relief.  The
trial court summarily dismissed the petition, and Estobar now seeks review.
We have jurisdiction pursuant to Arizona Rule of Criminal Procedure
32.9(c).

**¶3**            Estobar first argues his convictions were based in part on
information law enforcement officers obtained illegally when they placed a
Global Positioning System ("GPS") device on Estobar's vehicle without
obtaining a warrant.[1]  This issue is precluded because Estobar could have
raised it on direct appeal.  *See* Ariz. R. Crim. P. 32.2(a).  None of the
exceptions under Rule 32.2(b) apply.

**¶4**            Estobar next argues the trial court erred when it allowed one
victim to remain in the courtroom during the testimony of another victim.
This issue is also precluded because Estobar could have raised it on direct
appeal.  Further, Rule 9.3(a) provides that a victim has the right to be
present at all proceedings at which a defendant has the right to be present.
This includes the right to be present during the testimony of another victim.

**¶5**            Finally, Estobar argues his counsel was ineffective when he
failed to file a motion to suppress all evidence obtained directly or
indirectly through the warrantless use of the GPS device.  To state a
colorable claim of ineffective assistance of counsel, a defendant must show
that counsel's performance fell below objectively reasonable standards and
that the deficient performance prejudiced the defendant.  *Strickland v.
Washington*, 466 U.S. 668, 687 (1984).  We deny relief.  At the time of
Estobar's 2010 trial, then-current decisions of the United States Supreme
Court and the Ninth Circuit held that the warrantless use of an electronic

---

[1]      Estobar conceded below that no GPS evidence was actually admitted
at trial.

device to track the movements of a suspect's vehicle did not violate the Fourth Amendment. *See United States v. Knotts*, 460 U.S. 276, 281-82 (1983); *United States v. Pineda-Moreno*, 591 F.3d 1212, 1216-17 (9th Cir. 2010), *vacated*, 132 S. Ct. 1533 (2012), *affirmed on remand*, 688 F.3d 1087 (9th Cir. 2012) (affirming in part because law enforcement agents acted within then-existing circuit precedent in attaching tracking devices to defendant's vehicle). Counsel's failure to file a suppression motion in light of the law existing at that time did not fall below objectively reasonable standards.[2]

**¶6** Although the petition for review arguably presents additional issues, Estobar did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).

**¶7** For the reasons stated, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[2] Estobar makes no reference to the Supreme Court's subsequent decision in *United States v. Jones*, in which the Court held for the first time that government installation of a GPS device on a vehicle to monitor movement constitutes a "search" that ordinarily requires a warrant. *United States v. Jones*, ___ U.S. ___, 132 S. Ct. 945, 949 (2012). Even so, defense counsel's failure to predict the Supreme Court's decision in *Jones*, which came nearly two years after Estobar's trial, did not fall below objectively reasonable standards.