NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JESUS ALFONSO MADA-ROBLES, *Petitioner*.

No. 1 CA-CR 13-0744 PRPC

FILED 3-26-2015

Appeal from the Superior Court in Maricopa County
No. CR2006-148029-002 DT
The Honorable Sally Schneider Duncan, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jesus Alfonso Mada-Robles, San Luis
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the court in which Judge Maurice Portley and Judge Jon W. Thompson joined.

_____

**G O U L D, Judge**:

**¶1**　　　Petitioner Jesus Alfonso Mada-Robles petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**　　　A jury convicted Mada-Robles of second degree murder and three counts of aggravated assault. The trial court sentenced him to an aggregate term of twenty years' imprisonment and we affirmed his convictions and sentences on direct appeal. *State v. Mada-Robles*, 1 CA-CR 08-0648 (Ariz. App. Jul. 21, 2009) (mem. decision). Mada-Robles now seeks review of the summary dismissal of his second petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**　　　In his petition for review, Mada-Robles presents a number of claims of ineffective assistance of his trial counsel, his appellate counsel and his first post-conviction relief counsel. We deny relief on these issues because Mada-Robles could have raised these claims in a prior, timely post-conviction relief proceeding.[1] Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. Mada-Robles also contends that the United States Supreme Court decision in *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise these untimely claims. Mada-Robles is incorrect. *Martinez* held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding

_____

[1]　　　The trial court dismissed Mada-Robles' first post-conviction relief proceeding in May 2010.

was ineffective." *Martinez*, __ U.S. at __, 132 S.Ct. at 1320. This simply means Mada-Robles can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

¶4        Mada-Robles further asserts the trial court erred when it failed to conduct an inquiry into a pro se motion to substitute counsel Mada-Robles filed during trial, and that the trial court erred when the court, rather than the jury, determined the existence of aggravating factors for sentencing purposes. We deny relief on these issues as well. We addressed the motion for substitution on direct appeal, *Mada-Robles* at 4, ¶ 9, and Mada-Robles could have raised the sentencing issue on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a).

¶5        While the petition for review presents additional issues, Mada-Robles did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶6        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama