NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JAMES ALBERT ASHPOLE, *Petitioner.*

No. 1 CA-CR 16-0103 PRPC
FILED 10-17-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR1998-002941
CR1998-012870
The Honorable Justin Beresky, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

James Albert Ashpole, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

C AM P B E L L, Judge:

¶1          James Albert Ashpole petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and grant review but deny relief.

¶2          On March 19, 1999, Ashpole was convicted of multiple counts of fraudulent schemes and artifices and sale of unregistered securities, one count of attempted fraudulent schemes and artifices, one count of theft, and one count of illegally conducting an enterprise. The superior court sentenced him to concurrent sentences, for a total nine-year prison term, with an additional seven years of probation following his release. The superior court twice revoked and reinstated Ashpole's probation, until it finally revoked his probation and sentenced him to a 10-year prison term, the subject of this petition.

¶3          The State alleged Ashpole had violated the terms of his intensive probation by absconding, associating with felons, failing to pay fines or fees and surcharges, and failing to abide by the special conditions imposed on white-collar crime probationers. The probation department recommended that Ashpole's probation be revoked and that he be sentenced to a term of imprisonment.

¶4          Ashpole admitted to violating his probation. The court then entered an order of revocation and set the matter for disposition. At disposition, the superior court found three aggravating circumstances: multiple priors, pecuniary gain, and ongoing criminal activity while on probation. Service to his country and his age were mitigating circumstances considered by the court. Ashpole filed a motion to correct the sentence, which was denied as argued. The superior court instructed his attorney to brief the issue of the legality of the aggravated term pursuant to *Blakely v.*

*Washington*, 542 U.S. 296 (2004). Counsel filed a motion for resentencing and after full briefing, the superior court denied the motion.[1]

¶5        Ashpole immediately filed a notice of post-conviction relief. He alleged that his claims were pursuant to Arizona Rule of Criminal Procedure 32.1(d)-(h), by checking the boxes for each specific exception. He did not provide documentation to support any of his claims. Ashpole simply asserted his attorney told him that, if he admitted the probation violation, the court would reinstate his probation. The court construed this argument as an ineffective assistance of counsel claim. The State filed a response. Ashpole filed a reply, detailing the underlying basis for the claims for the first time. The superior court found that the petition for relief was timely, but all issues raised were precluded, and if not precluded, were without merit. The superior court dismissed the petition.

¶6        Ashpole filed a timely petition for review alleging ineffective assistance of counsel, sentencing error, double jeopardy, and a *Blakely* issue. Apart from the ineffective assistance of counsel claim regarding his counsel's advice, Ashpole did not raise the other claims in his petition for relief. A petition for review may not present issues not first presented to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991).

¶7        Ashpole claims his attorney was ineffective because he advised him to admit to a probation violation, telling him he would get his probation reinstated. Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez,* 229 Ariz. 573, 577, ¶ 19 (2012).

¶8        Other than the mere allegation, Ashpole has failed to support this claim with reference to any evidence. Ineffective assistance of counsel must be a demonstrable reality rather than a matter of speculation. *State v. Meeker*, 143 Ariz. 256, 264 (1984). The superior court did not abuse its discretion in dismissing the claim.

---

[1]        Ashpole also filed a special action and this court declined jurisdiction.

¶9 Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA