NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID M. GETZEN, *Petitioner*.

No. 1 CA-CR 19-0007 PRPC
FILED 10-22-2019

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201780472
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Jonathan Hale
*Counsel for Respondent*

David M. Getzen, Cottonwood
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S,** Judge:

¶1 David Michael Getzen petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 Getzen pleaded guilty to one count of shoplifting with two or more predicate convictions. The superior court sentenced him to two and one-half years' imprisonment, the presumptive term to which Getzen and the State had stipulated in their plea agreement.

¶3 Getzen timely filed for post-conviction relief. Assigned counsel could find no colorable claims after reviewing the record and other pertinent materials, and interviewing Getzen and his prior attorneys. Getzen elected to file a *pro se* petition, which the superior court summarily dismissed, leading to Getzen's petition for review in this court. We will not disturb the superior court's denial of post-conviction relief absent an abuse of discretion. *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016).

¶4 Getzen contends that his plea attorney provided ineffective assistance by purportedly (1) coercing him to plead guilty, (2) failing to request a second examination of Getzen's competency, and (3) failing to offer mitigating evidence or appear at his sentencing. The superior court did not abuse its discretion in summarily dismissing Getzen's petition.

¶5 To merit an evidentiary hearing on an ineffective assistance of counsel claim, "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A defendant demonstrates prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 568, ¶ 25 (quoting *Strickland*, 466 U.S. at 694). "There is a strong presumption of effective assistance." *State v. Henry*, 176 Ariz. 569,

585 (1993). We need not address both requirements of the *Strickland* standard where the petitioner fails to satisfy one. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

**¶6**        The superior court acted within its discretion in rejecting Getzen's claim of a coerced plea. At the change of plea hearing, Getzen confirmed that he understood the terms of the plea agreement, that he understood the consequences of changing his plea, and that his plea was voluntary. Even though Getzen pleaded guilty to the charged offense and stipulated to a presumptive term, the plea was favorable to him because the State agreed not to allege prior felonies that would have mandated a longer prison term. Getzen's generalized claim of coercion, without more, does not suffice to show his counsel was deficient. *See State v. Donald*, 198 Ariz. 406, 413, ¶ 17 (App. 2000) (observing that a colorable ineffective assistance claim requires the defendant to "present more than a conclusory assertion").

**¶7**        Nor does Getzen substantiate his contention that defense counsel should have requested a second competency examination. At the defense's request, the superior court ordered a mental health expert to examine Getzen pursuant to Rule 11. The examiner found Getzen competent to proceed to trial or to enter a guilty plea. Defense counsel accepted the examiner's findings without challenge, and the superior court ruled Getzen competent. Legal authority does not require multiple Rule 11 examinations as a matter of course, and Getzen offers no facts showing an additional examination was warranted. *See, e.g.*, *State v. Amaya-Ruiz*, 166 Ariz. 152, 162–64 (1990).

**¶8**        Getzen also fails to show ineffective assistance with respect to his sentencing hearing. The superior court sentenced Getzen in conformity with the plea agreement, and Getzen does not explain how mitigating evidence or the presence of assigned counsel "would have made a difference," *Henry*, 176 Ariz. at 585, so as to demonstrate prejudice. *See State v. Woodall*, 155 Ariz. 1, 6 (App. 1987) (rejecting defendant's claim that assigned counsel would have performed differently than a "stand-in" public defender as "purely speculative"). The superior court gave Getzen an opportunity to provide mitigating evidence before imposing the sentence. Getzen accepted responsibility for his conduct and stated he had mental health issues. In addition, Getzen was not sentenced without legal representation because another attorney assumed the place of his assigned counsel.

**¶9**        Other arguments Getzen asks us to consider are not availing. Getzen faults the superior court for declining to rule on various motions he

filed, and for excusing the State from responding to those motions. We discern no error in the court's decisions, which it adequately explained in written rulings. Getzen also alludes to purported conflicts of interest and an alleged violation of the Uniform Commercial Code. We decline to address those claims, which Getzen did not properly raise before the superior court. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii); *see also State v. Bortz*, 169 Ariz. 575, 577 (App. 1991).

¶10        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4